IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 3:11-cr-00375-BR |
| | (3:16-cv-01131-BR) |
| **Plaintiff,** | 3:11-cr-00379-BR |
| | (3:16-cv-01132-BR) |
| | OPINION AND ORDER |
| v. | |
| **WILLIAM FLOYD MOORE,** | |
| **Defendant.** | |

**BILLY J. WILLIAMS**
United States Attorney
**GREGORY R. NYHUS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204
(503) 727-1015

      Attorneys for Plaintiff

**LISA C. HAY**
Federal Public Defender
**STEPHEN R. SADY**
Chief Deputy Federal Public Defender
**ELIZABETH G. DAILY**
Assistant Federal Public Defender
101 S.W. Main Street
Suite 1700
Portland, OR 97201
(503) 326-2123

      Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant William Floyd Moore's Motion (#66) to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 filed in Case No. 3:11-cr-00375-BR and Defendant's Motion (#59) to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 filed in Case No. 3:11-cr-00379-BR.  For the reasons that follow, the Court **DENIES** Defendant's Motions and **DECLINES** to issue a certificate of appealability.

## BACKGROUND

On September 20, 2011, Defendant was charged in an Indictment in Case No. 3:11-cr-00375-BR with one count of Bank Robbery in violation of 18 U.S.C. § 2113(a).  On September 20, 2011, Defendant was charged in an Indictment in Case No. 3:11-cr-00379-BR with one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).  Both Indictments related to Plaintiff's use of a firearm during his September 8, 2011, robbery of the U.S. Bank at 10830 S.E. Oak Street, Milwaukie, Oregon.

On July 16, 2012, Defendant pled guilty to the charges in both 3:11-cr-00375-BR and 3:11-cr-00379-BR.

On December 4, 2013, Senior District Court Judge Ancer Haggerty held a sentencing hearing in both 3:11-cr-00375-BR and

3:11-cr-00379-BR; adopted the sentencing calculations in the Presentence Report; and sentenced Defendant as an armed career criminal pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. 924(e), to 151 months imprisonment in 3:11-cr-00375-BR and 180 months imprisonment in 3:11-cr-00379-BR to be served concurrently and five years of supervised release.

On February 27, 2014, the Court entered Judgments in both cases. Defendant did not appeal his convictions.

On June 20, 2016, Defendant filed identical Motions to Vacate or Correct Sentence under 28 U.S.C. § 2255 in 3:11-cr-00375-BR and 3:11-cr-00379-BR in which he asserts pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that he "should no longer be designated an armed career criminal because he does not have at least three prior convictions for a . . . violent felony." Defendant asserts his sentence was imposed in violation of the Constitution or laws of the United States and that his sentence exceeds the statutory maximum sentence.

On May 30, 2017, Defendant filed Memoranda in Support of his Motions to Vacate. The Court took Defendant's Motions to Vacate under advisement on September 29, 2017.

## **DISCUSSION**

Defendant moves to modify or to set aside his sentences on

3 - OPINION AND ORDER

the ground that his three prior convictions for unarmed bank robbery do not qualify as crimes of violence under the ACCA because they do not involve the requisite force or specific intent.

## I. The ACCA and *Johnson*

The ACCA requires a defendant to be sentenced to a mandatory minimum of 15 years to life in custody if he has three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines violent felony as any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). Courts refer to § 924(e)(2)(B)(I) as the elements clause, the first part of the disjunctive statement in § 924(e)(2)(B)(ii) as the enumerated offenses clause, and the second part of the disjunctive statement in § 924(e)(2)(B)(ii)(starting with "or otherwise") as the residual clause. *See, e.g., Johnson*, 135 S. Ct. at 2563; *United States v. Lee*, 821 F.3d 1124, 1126 (9th Cir. 2016).

In *Johnson* the Supreme Court held "imposing an increased

sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process" on the basis that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges."  135 S. Ct. at 2557, 2563.  Subsequently in *Welch v. United States* the Supreme Court held its decision in *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.  136 S. Ct. 1257, 1268 (2016).  As a result, defendants sentenced pursuant to the ACCA residual clause can collaterally attack their sentences as unconstitutional under § 2255.

**II.  Sentencing Pursuant to 18 U.S.C. § 924(c)(1)(A)**

18 U.S.C. § 924(c)(1)(A) provides in relevant part that a person who "in relation to any crime of violence . . . uses or carries a firearm . . . shall, in addition to the punishment provided for such crime of violence . . . be sentenced to a term of imprisonment of not less than 5 years" to run consecutively with the punishment for the underlying crime of violence. 18 U.S.C. § 924(c)(3) defines a "crime of violence" as an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

As noted, courts refer to the (A) clause of section 924(c)(3) as the "force clause" and to the (B) clause of section 924(c)(3) as the "residual clause."

**III. Analysis**

Defendant challenges his sentences on the ground that unarmed bank robbery in violation of 18 U.S.C. § 2113(a) is no longer a qualifying crime of violence for purposes of § 924(c)(1).

In *United States v. Wright* the Ninth Circuit held armed bank robbery under 18 U.S.C. § 2113(a) and (d) qualifies as a crime of violence under the "force" clause of § 924(c)(3)(A). 215 F.3d 1020, 1028 (9th Cir. 2000). The court explained § 2113(a) necessarily "has as an element the use, attempted use, or threatened use of physical force against the person or property of another and, therefore, 'a taking by force and violence, or by intimidation' is an element of armed bank robbery." *Id*.

In *United States v. Selfa* the Ninth Circuit held unarmed bank robbery in violation of § 2113(a) constitutes a crime of violence under the force clause of United States Sentencing Guideline § 4B1.2, which is identical to the force clause of § 924(c). 918 F.2d 749, 751 (9th Cir. 1990). Specifically, the court "defined 'intimidation' under § 2113(a) to mean 'willfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm.'" *Id*.

(quoting *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983)). The court concluded this definition met the requirement of a "threatened use of physical force" under the identical force clause in the Sentencing Guidelines. *Id*.

Defendant concedes the holdings in *Wright* and *Selfa* appear to foreclose his challenge to his sentences, but he asserts those cases have been undermined by the Supreme Court's subsequent decisions in *Johnson* and *Leocal v. Ashcroft*, 543 U.S. 1 (2004), in addition to the Ninth Circuit's decision in *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1123 (9th Cir. 2006). The Ninth Circuit, however, has rejected this argument in several decisions issued after *Johnson*. For example, in *United States v. Cross* the Ninth Circuit concluded *Selfa* and *Wright* remain controlling law in this Circuit even after *Johnson* and *Leocal* and rejected the defendant's assertion that unarmed bank robbery does not require violent force or intentional conduct. 691 F. App'x 312, 312 (9th Cir. 2017). The court noted "intimidation under § 2113(a) requires the necessary level of violent physical force as defined by *Johnson*," and, "as a general intent statute, conviction under § 2113(a) requires intentional use or threatened use of force and therefore does not conflict with *Leocal* . . . or *Fernandez-Ruiz*." *Id*. at 313. The Ninth Circuit concluded "no intervening higher authority is clearly unreconcilable with *Selfa* and *Wright*, and those precedents are controlling here." *Id*. (quotation omitted).

*See also United States v. Pritchard*, No. 15-50278, 2017 WL 2219005 (9th Cir. May 18, 2017)(rejecting the argument that *Wright* and *Selfa* were overruled by *Leocal* and/or *Johnson*); *United States v. Jordan*, 680 F. App'x 634, 634-35 (9th Cir. 2017) (holding § 2113(a) is a crime of violence and rejecting the argument that later cases overruled or displaced *Wright* and/or *Selfa*); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016)(affirming *Selfa*'s continued vitality). Although these are unpublished opinions and, therefore, not precedential, this Court, nevertheless, is bound by *Wright* and *Selfa*. In addition, the Court adopts the reasoning of *Cross, Pritchard, Johnson,* and *Howard* and concludes unarmed bank robbery satisfies the requirement of § 924(c)(3)(A). The Court, therefore, concludes § 2113(a) is a crime of violence under the force clause of § 924(c) and Defendant's sentences were not imposed in violation of the Constitution or the laws of the United States.

Accordingly, the Court denies Defendant's Motions to Vacate, Set Aside or Correct Sentence pursuant to § 2255. In addition, the Court finds Defendant has not made a substantial showing of the denial of a constitutional right, and, therefore, the Court declines to issue a certificate of appealability in either Case No. 3:11-cr-00375-BR or 3:11-cr-00379-BR.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#66) to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 filed in Case No. 3:11-cr-00375-BR and Defendant's Motion (#59) to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 filed in Case No. 3:11-cr-00379-BR and **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

DATED this 7th day of December, 2017.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge